UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>          Plaintiff,<br><br>     v.<br><br>ATASCADERO STATE HOSPITAL,<br><br>          Defendant. | No.  2:25-cv-3738 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

      Plaintiff, a county prisoner proceeding pro se, has filed a complaint for declaratory relief under the Freedom of Information Act, 5 U.S.C. § 552.  Plaintiff has not yet submitted an application to proceed in forma pauperis in this case or paid the required filing fee of $350.00 plus the $55.00 administrative fee.  However, as explained below, plaintiff will not be given the opportunity to submit an application to proceed in forma pauperis because this action will be summarily dismissed for failure to state a claim.

    I.      <u>Statutory Screening of Prisoner Complaints</u>

      The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  <u>Id.</u> at 327.  The

critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

## II. Complaint

The complaint seeks declaratory relief under the Freedom of Information Act against Atascadero State Hospital. ECF No. 1. However, "FOIA applies only to agencies of the executive branch of the United States government." Moore v. United Kingdom, 384 F.3d 1079, 1089 (9th Cir. 2004) (citing 5 U.S.C. §§ 551(1), 552(f)); see also St. Michael's Convalescent Hosp. v. California, 643 F.2d 1369, 1373 (9th Cir. 1981) ("Under [the FOIA's] definitions, 'agency' does not encompass state agencies or bodies"). Atascadero State Hospital is a state entity and therefore not subject to the FOIA. The allegations therefore lack any basis in law and fail to state a claim for relief.

## III. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint

2

cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, both the complaint fails to state a claim upon which relief may be granted. Given the nature of the claim, leave to amend would be futile and the complaint should be dismissed without leave to amend.

IV. Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your complaint be dismissed without leave to amend because your allegations do not state any claims for relief and it does not appear the problems can be fixed.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 31, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE