UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID BENNETT,

    Plaintiff,

    v.

ATASCADERO STATE HOSPITAL,

    Defendant.

No.  2:25-cv-3738 DAD AC P

ORDER

Plaintiff has requested appointment of counsel and of a guardian ad litem.  ECF No. 4.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

1

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

There are currently findings and recommendations pending before the district judge which recommend the dismissal of this case on grounds that the complaint fails to state a claim and the defects are not curable by amendment.  ECF No. 3.  Plaintiff therefore cannot show he has any likelihood of success on the merits or that extraordinary circumstances exist warranting the appointment of counsel.

Plaintiff also requests the appointment of a guardian ad litem.  ECF No. 4.  Federal Rule of Civil Procedure 17(c)(2) provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."  "[W]hen a substantial question exists regarding the mental competence of a party proceeding pro se, the proper procedure is for the district court to conduct a hearing to determine competence, so a guardian ad litem can be appointed, if necessary."  Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) (citing Krain v. Smallwood, 880 F.2d 1119, 1121 (9th Cir. 1989)).  In determining whether substantial evidence of incompetence is presented, the district court may consider sworn declarations from the pro se party or other inmates, sworn declarations or letters from treating psychiatrists or psychologists, and his medical history.  Id. at 1152.  However, the court need not hold a competency hearing "when it is clear that a litigant has no protectable interest."  Harris v. Mangum, 863 F.3d 1133, 1138-39 (9th Cir. 2017).

A person's capacity to sue is measured by the standard of the law of his domicile.  Fed. R. Civ. P. 17(b)(1).  Here, that means California state law.  "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case."  Golden Gate Way, LLC v. Stewart, 2012 WL 4482053, at *2, 2012 U.S. Dist. LEXIS 140780, at *11-12 (N.D. Cal. Sept. 28, 2012) (citing In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001); Cal. Civ. Proc. Code § 372; In re Sara D., 87 Cal. App. 4th 661, 666-67 (Cal. Ct. App. 2001)).  This is a very high bar for establishing incompetence.

Although plaintiff asserts that he has been found to be incompetent to stand trial in his state court criminal proceeding and is currently being involuntarily medicated as a result, he has

not provided a copy of the state court's order deeming him incompetent or any mental health records substantiating the claim.  Even assuming plaintiff's claims are true, his filings are coherent and clearly articulate what relief he is seeking and the grounds on which he believes he is entitled to such relief.  This indicates that petitioner is currently capable of understanding the proceedings and representing himself in this action.  Moreover, it is clear from the complaint that plaintiff does not have a protectable interest that would warrant the appointment of a guardian ad litem in this case.

As set forth in the screening order, plaintiff's sole claim for relief under the Freedom of Information Act against Atascadero State Hospital is not cognizable because the hospital is a state entity.  ECF No. 3 at 2.  Appointment of a guardian ad litem would not change this fact.  Moreover, because plaintiff has already accrued more than three strikes under 28 U.S.C. § 1915(g),[1] which provides that a prisoner is barred from proceeding in forma pauperis when he has brought three or more actions that were "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," there are no negative collateral consequences from having filed this petition.[2]  See Harris, 863 F.3d at 1139 (interest in not accruing strikes under 28 U.S.C. § 1915(g) could warrant appointment of guardian ad litem where guardian could avoid strike by voluntarily dismissing action).  The court therefore finds that petitioner has no protectable interest in this case that would warrant the appointment of a guardian ad litem.

////

---

[1]  See Bennett v. Butte County Police Department, No. 2:13-cv-2295 CMK (E.D. Cal.) (case dismissed October 13, 2016, for failure to state a claim (ECF No. 24)); Bennett v. Monroe Detention Center, No. 2:22-cv-2157 DJC SCR (E.D. Cal.) (dismissing case on June 16, 2025, for failure to state a claim (ECF No. 84)); Bennett v. Newsom, No. 3:23-cv-5905 JSC (N.D. Cal.) (complaint dismissed with leave to amend for failure to state a claim (ECF No. 27), case dismissed on June 3, 2024, for failure to file an amended complaint (ECF No. 30)); Bennett v. Santa Clara County Superior Court, No. 24-861 (9th Cir.) (appeal dismissed on August 29, 2024, as frivolous (ECF No. 10)).

[2]  Plaintiff has not paid the filing fee and cannot proceed in forma pauperis, which would require him to pay the filing fee in increments.  See 28 U.S.C. § 1915(b) (requiring prisoners to pay full filing fee even when granted in forma pauperis status).  He therefore has no financial consequences that appointment of a guardian ad litem could protect against.

3

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel and a guardian ad litem (ECF No. 4) is DENIED.

DATED: January 13, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4